# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

ESTATE OF RONALD ALEXANDER
HOWARD, II, deceased, by: CATHY
PACK, PERSONAL REPRESENTATIVE,

    Plaintiff,

vs.

    Case No. 3:17-cv-778-J-34JBT

DR. MARTIN I. HOLZMAN, MD, et al.,

    Defendants.
_____/

## O R D E R

**THIS CAUSE** is before the Court on Plaintiff's responses to four of the pending motions to dismiss. See Plaintiff's Memorandum in Opposition of Defendant, Vernon Montoya, M.D.'s Motion to Dismiss [Doc 56] Fed. R. Civ. P. 12(b)(6) (Doc. 146); Plaintiff's Memorandum in Opposition of Defendant, Osvaldo Contarini, M.D.'s Motion to Dismiss Plaintiff's First Amended Complaint [Doc 89] (Doc. 147); Plaintiff's Memorandum in Opposition of Defendant, Martin I. Holzman, M.D.'s Motion to Dismiss Plaintiff's Complaint [Doc 104] (Doc. 148); Plaintiff's Memorandum in Opposition of Defendant, Joseph Fares M.D.'s Motion to Dismiss [Doc 124] (Doc. 149) (collectively, Responses), all filed on January 12, 2018. In the Responses, Plaintiff, in addition to asserting that the motions to dismiss are due to be denied, alternatively requests leave to amend the 1st Amended Complaint and Demand for Jury Trial (Doc. 8) in the event the Court finds that her allegations are inadequate. See Doc. 146 at 17; Doc. 147 at 15; Doc. 148 at 13; Doc. 149 at 15. Preliminarily, the Court notes that a request for affirmative relief, such as a request

for leave to amend a pleading, is not properly made when simply included in a response to a motion. See Fed. R. Civ. P. 7(b); see also Rosenberg v. Gould, 554 F.3d 962, 965 (11th Cir. 2009) ("Where a request for leave to file an amended complaint simply is imbedded within an opposition memorandum, the issue has not been raised properly.") (quoting Posner v. Essex Ins. Co., 178 F.3d 1209, 1222 (11th Cir. 1999)).

Moreover, even if it were proper to include this request in the Responses, the request is otherwise due to be denied for failure to comply with Local Rules 3.01(g), United States District Court, Middle District of Florida (Local Rule(s)). Local Rule 3.01(g) requires certification that the moving party has conferred with opposing counsel in a good faith effort to resolve the issue raised by the motion and advising the Court whether opposing counsel agrees to the relief requested. See Local Rule 3.01(g). In addition to this deficiency under the Local Rules, the request in the Responses also fails to satisfy the requirement that "[a] motion for leave to amend should either set forth the substance of the proposed amendment or attach a copy of the proposed amendment." Long v. Satz, 181 F.3d 1275, 1279 (11th Cir. 1999); see also McGinley v. Fla. Dep't of Highway Safety and Motor Vehicles, 438 F. App'x 754, 757 (11th Cir. 2011) (affirming denial of leave to amend where plaintiff did not set forth the substance of the proposed amendment); United States ex. rel. Atkins v. McInteer, 470 F. 3d 1350, 1361-62 (11th Cir. 2006) (same). Thus, the Court will not entertain Plaintiff's request for relief included in the Responses. Plaintiff is advised that, if she wishes to pursue such relief, she is required to file an appropriate motion, in accordance with the Federal Rules of Civil Procedure and the Local Rules of this Court.

**ORDERED**:

To the extent that Plaintiff requests affirmative relief from the Court, Plaintiff's Responses (Docs. 146-149) are **DENIED without prejudice**.

**DONE AND ORDERED** in Jacksonville, Florida, this 17th day of January, 2018.

MARCIA MORALES HOWARD
United States District Judge

lc11
Copies to:

Counsel of Record